SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
JARED K. LEBEAU, Cal. Bar No. 292742
MICHAEL BEAN, Cal. Bar. No. 264628
501 West Broadway, 18th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:  619.234.3815
E mail      pklee@sheppard.com
            jlebeau@sheppard.com
            mbean@sheppard.com

SALL SPENCER CALLAS & KRUEGER
Suzanne Burke Spencer, Cal. Bar. No. 188597
32351 Coast Highway
Laguna Beach, CA  92651-6703
Telephone:  949.499.2942
Facsimile:  949.499.7403
E-mail:     sburke@sallspencer.com

Attorneys for plaintiff Allstate Northbrook
Indemnity Company

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE NORTHBROOK INDEMNITY COMPANY;<br><br>        Plaintiff,<br><br>     v.<br><br>DIETRICH WILHELM GEORG LUSSE, an individual; and FRANCISCO JAVIER MARQUEZ, an individual, and HANGER STEINBERG SHAPIRO & ASH, a law corporation;<br><br>        Defendants. | Case No. 2:25-cv-10554-MWC-PD<br><br>**ALLSTATE NORTHBROOK INDEMNITY COMPANY'S MOTION TO DISMISS DEFENDANT DIETERICH WILHELM GEORG LUSSE, WITHOUT PREJUDICE**<br><br>Judge: Hon. Michelle Williams Court<br>Date:  April 10, 2026<br>Time:  1:30 pm<br>Dept.: Courtroom 6A |

SMRH:4917-6009-4095.4      ALLSTATE'S MOTION TO DISMISS DEFENDANT LUSSE, WITHOUT PREJUDICE

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................. 1

II.   RELEVANT BACKGROUND .............................................................. 2

III.  THE COURT SHOULD DISMISS LUSSE WITHOUT PREJUDICE ........... 4

    A.    Standards for voluntary dismissal ............................................ 4

    B.    Lusse will not be prejudiced by a dismissal because he has no standing to assert any claim against Allstate ........................................ 4

        1.    Because he has not received an assignment of Marquez's claims, Lusse has no right to assert a "bad faith" claim against Allstate.......................................................................... 4

        2.    Because he has been paid the Allstate policy's limit, Lusse has no right as a judgment creditor to sue Allstate...................... 5

    C.    Lusse is not an indispensable party to this action ................................. 6

        1.    Complete relief can be afforded without Lusse.......................... 7

        2.    Lusse has no "legally protected interest" in the extra-contractual issues ................................................................. 8

    D.    Lusse's cited case law on coverage disputes is inapposite ................... 10

IV.   CONCLUSION ................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

<u>Cases</u>

*Alto v. Black*
  738 F.3d 1111 (9th Cir. 2013)..................................................................8

*Bakia v. Los Angeles Cnty. Of State of Cal.*
  687 F.2d 299 (9th Cir. 1982)...................................................................7

*Boulter v. Com. Standard Ins. Co.*
  175 F.2d 763 (9th Cir. 1949)...................................................................6

*Canadian Ins. Co. v. Rusty's Island Chip Co.*
  36 Cal. App. 4th 491 (1995)..............................................................10, 11

*Clark v. California Ins. Guarantee Assn.*
  200 Cal. App. 4th 391 (2011)..................................................................4

*Coleman v. Gulf Ins. Group*
  41 Cal. 3d 782 (1986).............................................................................4

*Disabled Rights Action Committee v. Las Vegas Events, Inc.*
  375 F.3d 861 (9th Cir. 2004).................................................................7, 8

*General Refractories Co. v. First State Ins. Co.*
  500 F3d 306 (3rd Cir. 2007)....................................................................8

*Greene v. United States*
  996 F.2d 973 (9th Cir.1993)....................................................................9

*Hamilton v. Firestone Tire & Rubber Co.*
  679 F.2d 143 (9th Cir. 1982)...................................................................4

*Hamilton v. Maryland Cas. Co.*
  27 Cal. 4th 718 (2002)............................................................................3

*Jamison v. Memphis Transit Mgmt. Co.*
  381 F.2d 670 (6th Cir. 1967)...................................................................9

*Jett v. Zink*
  362 F.2d 723 (5th Cir. 1966)...................................................................9

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*
  419 F.3d 216 (3d Cir. 2005) ....................................................................5

*Makah Indian Tribe v. Verity*
  910 F.2d 555 (9th Cir. 1990) ................................................................ 7, 8

*Moradi-Shalal v. Fireman's Fund Insurance Cos.*
  46 Cal. 3d 287 (1988) ..............................................................................4

*Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*
  425 F.3d 1308 (11th Cir. 2005) ...............................................................5

*Murphy v. Allstate Ins. Co.*
  17 Cal. 3d 937 (1976) .........................................................3, 4, 6, 9, 10

*Northrop Corp. v. McDonnell Douglas Corp.*
  705 F.2d 1030 (9th Cir. 1983) ..........................................................5, 7, 8

*Olden v. Hagerstown Cash Reg., Inc.*
  619 F.2d 271 (3d Cir. 1980) .....................................................................9

*Pedrina v. Chun*
  987 F.2d 608 (9th Cir. 1993) ....................................................................4

*Provident Tradesmens Bank & Tr. Co. v. Patterson*
  390 U.S. 102 (1968) ..................................................................................8

*Reliance Ins. Co. v. Superior Court*
  84 Cal. App. 4th 383 (2000) .....................................................................6

*Royal Indemnity Company v. United Enterprises*
  162 Cal. App. 4th 194 (2008) ...............................................................5, 9

*Shapiro v. Republic Indem. Co. of Am.*
  52 Cal. 2d 437 (1959) ..............................................................................6

*So. Cal. Edison Co. v. Lynch*
  307 F.3d 794 (9th Cir. 2002) ....................................................................9

*State Farm Mut. Auto. Ins. Co. v. Crane*
  217 Cal. App. 3d 1127 (1990) ..................................................................6

*United States v. Alisal Water Corp.*
  370 F.3d 915 (9th Cir. 2004) ....................................................................9

-iii-                                      Case No. 2:25-cv-10554-MWC-PD

*Waller v. Fin. Corp. of Am.*
    828 F.2d 579 (9th Cir. 1987) ..................................................................................4

*Watchtower Bible & Tract Soc. of New York, Inc. v. Municipality of San Juan*
    773 F.3d 1 (1st Cir. 2014) ......................................................................................8

Statutes

California Insurance Code § 11580 ..............................................................2, 6, 10

California Insurance Code § 11580(b)(2)..............................................................5, 6

Other Authorities

Federal Rule of Civil Procedure 19 ......................................................................7, 8

Federal Rule of Civil Procedure 41 ..........................................................................4

Federal Rule of Civil Procedure 41(a)(2) .................................................................4

SMRH:4917-6009-4095.4
Case No. 2:25-cv-10554-MWC-PD
ALLSTATE'S MOTION TO DISMISS DEFENDANT LUSSE, WITHOUT PREJUDICE

## I.    INTRODUCTION

Defendant Dietrich Lusse refuses to be dismissed from this case even though he recently confirmed to Allstate that he has no legally recognized interest in the claims that will be resolved by Allstate's cause of action for declaratory relief.

Lusse is a third-party claimant who brought a bodily injury claim and lawsuit against one of Allstate's insureds, defendant Javier Marquez.  That underlying lawsuit resulted in a multi-million dollar judgment in favor of Lusse and against Marquez.  Now, there is a dispute over whether Allstate should be responsible for paying the amount of that judgment that exceeds the $15,000 in available coverage under Marquez's insurance policy (which Allstate has already paid to Lusse).

Allstate filed this action seeking, among other things[1], a judicial declaration that it has no extra-contractual obligation to pay anything more than its $15,000 policy limit.  Allstate named Marquez as a defendant because, as Allstate's insured, Marquez is the one who would have standing to assert an extra-contractual claim against Allstate to require it to pay the entire excess judgment against him.

But what frequently happens in these types of disputes is that the insured (here, Marquez) transfers his assignable rights against the insurance company over to the claimant (here, Lusse) in exchange for some form of protection against the excess judgment.  This results in both the insured and the claimant having potential claims against the insurance company.

Here, before filing this action, Allstate was informed that Marquez and Lusse were negotiating an assignment agreement that would transfer Marquez's assignable rights to Lusse.  That is why Allstate also named Lusse as a defendant to ensure that all parties with standing to assert an extra-contractual claim against Allstate were included.

---

[1] Allstate also asserted a professional negligence claim, arising out of the same underlying claim/litigation, against a different defendant.  That claim and defendant are not at issue in this motion.

Recently, however, Allstate learned that Lusse does *not* have an assignment from Marquez.  In addition, because Allstate paid its $15,000 policy limit to Lusse after the underlying judgment was entered, Lusse has no rights against Allstate as a judgment creditor under California Insurance Code section 11580.  Based on these facts and well-established law, this means that Lusse has no standing to assert any claim against Allstate and thus is not a necessary party in this action.  So, Allstate offered to dismiss Lusse.

Lusse, however, refuses to be dismissed.  Therefore, Allstate has no choice but to bring this motion requesting that the Court dismiss Lusse, without prejudice, so that this case can proceed between the parties who actually have standing to assert the claims at issue.

## II.   RELEVANT BACKGROUND

Allstate issued a personal auto policy to Marquez, which had bodily injury liability coverage with limits of $15,000 per person.  (Dkt. 1 [Complaint], ¶ 9.)

In September 2021, Marquez was involved in a car accident with Lusse.  (*Id.* at ¶ 11.)  Lusse (via his brother) then presented a claim to Allstate for the injuries that he sustained in the accident.  (*See id.* at ¶¶ 12-14.)  Although Allstate tried repeatedly to settle Lusse's claim (and the related lienholder claim held by his government health insurer) for the full $15,000 policy limit, Lusse refused to allow the settlement to be consummated.  (*Id.* at ¶¶ 16-20.)

Lusse eventually filed a personal injury lawsuit against Marquez, which ultimately resulted in a $77 million judgment in Lusse's favor.  (*Id.* at ¶¶ 25-27.)  Allstate paid its $15,000 policy limit as partial satisfaction of that judgment.  (*Id.* at ¶ 27.)  A dispute then arose as to whether Allstate can be held liable for the remaining amount of the judgment based on the theory that it unreasonably failed to settle Lusse's underlying claim for the policy limit.  (*Id.* at ¶ 28.)

To resolve that dispute, in November 2025, Allstate filed this action seeking a declaration that it has no extra-contractual obligations related to the underlying

claim/litigation, and that it has no duty to pay the excess judgment or any other amount in excess of the $15,000 policy limit – which Allstate has already paid to Lusse.  (*Id.* at ¶¶ 27 & 31-33 and Prayer for Relief ¶ 1.)

Allstate named Marquez as a defendant because, as the insured, he is the one who has standing to assert an extra-contractual claim against Allstate for "bad faith failure-to-settle."  *See Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 941-42 (1976) (discussing how the duty to settle is owed to the insured, not the third-party claimant).  But Allstate also named Lusse as a defendant because Allstate had been informed that Lusse was obtaining an assignment from Marquez to assert any assignable extra-contractual claims against Allstate (Klee Decl., ¶ 2) – which is commonplace in insurance bad faith disputes like this one.  *See Hamilton v. Maryland Cas. Co.*, 27 Cal. 4th 718, 732 (2002) (discussing how an insured may assign a cause of action against his insurance company in exchange for a covenant not to execute on any excess judgment).[2]

However, in February 2026, Lusse's counsel confirmed that Lusse does *not* have an assignment from Marquez.  (Klee Decl., ¶¶ 3-4; Ex. 1.)  Therefore, Allstate offered to dismiss Lusse, without prejudice, because the entire basis for including him in this lawsuit had turned out to be incorrect.  (*Id.*)

To Allstate's surprise, Lusse refused to be voluntarily dismissed.  Instead, despite not having the right to assert any claim against Allstate, Lusse insists that he be allowed to stay in this case simply because he was included as an initial defendant – which, again, was due to the mistaken belief that he had been assigned Marquez's rights against Allstate.  Although Allstate met and conferred with Lusse's counsel, Lusse has maintained his refusal to be dismissed.  Thus, this motion is necessary.  (Klee Decl., ¶¶ 3-5; Ex. 1.)

---

[2] Even if an assignment had taken place, it would still be appropriate to include Marquez as a defendant to resolve any non-assignable claims he retained – e.g., for emotional distress or punitive damages.  *See Murphy*, 17 Cal. 3d at 942.

## III.   THE COURT SHOULD DISMISS LUSSE WITHOUT PREJUDICE

### A.   Standards for voluntary dismissal

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may voluntarily dismiss a defendant by court order.  *See Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993) (adopting rule that Rule 41 allows for the dismissal of fewer than all defendants).

The Ninth Circuit has held that a court "should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987) (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)).

"Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton*, 679 F.2d at 145.

### B.   Lusse will not be prejudiced by a dismissal because he has no standing to assert any claim against Allstate

1.   Because he has not received an assignment of Marquez's claims, Lusse has no right to assert a "bad faith" claim against Allstate.

In California, absent an assignment of the insured's rights, a third-party claimant cannot sue a liability insurer for bad faith.  *See Murphy*, 17 Cal. 3d at 944 ("Because, as we have seen, the duty to settle is intended to benefit the insured and not the injured claimant, third party beneficiary doctrine does not furnish a basis for the latter to recover."); *Coleman v. Gulf Ins. Group*, 41 Cal. 3d 782, 795 (1986) (noting "an alleged breach of the covenant does not give rise to a cause of action by *third party claimants*"); *Moradi-Shalal v. Fireman's Fund Insurance Cos.*, 46 Cal. 3d 287, 304-05 (1988) (abolishing third-party bad faith claims); *Clark v. California Ins. Guarantee Assn.*, 200 Cal. App. 4th 391, 397-98 (2011) ("Unless the third party obtains an assignment by the insured of its rights under the insurance contract, the third party has no right to bring a claim upon a duty owed only to the insured.").

Consistent with that well-established principle, "[a]lthough a liability insurer is allowed to affirmatively join an injured third party as a codefendant in a declaratory relief action" ("DRA") against its insured, "the insurer is not required to do so." *Royal Indemnity Company v. United Enterprises*, 162 Cal. App. 4th 194, 212 (2008). That is because the injured third party, "who is not in privity of contract with the liability insurer," does not have an adequate "direct interest" in a DRA. *Id.* at 211-212; *accord Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1044 (9th Cir. 1983) ("A nonparty to a commercial contract ordinarily is not a necessary party to an adjudication of rights under the contract.").

*Royal Indemnity* is not alone in reaching this conclusion. The California Court of Appeal relied on two federal cases that similarly held a third-party claimant does not have a legally protected interest in the outcome of a DRA between the liability insurer and its insured. *See Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 222 (3d Cir. 2005) ("Appellants here have no property interest ... [or] any other legally protectable interest in the policies."); *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) ("Rigaud is not a party to the . . . policy and has no legally protectable interest in that insurance policy.").

Here, Lusse concedes he has no assignment from Marquez. Therefore, as a matter of law, he simply has no standing to pursue an extra-contractual claim against Allstate and will not suffer any plain legal prejudice by being dismissed. This simple and straightforward reason is sufficient, without more, to grant this motion.

2. <u>Because he has been paid the Allstate policy limit, Lusse has no right as a judgment creditor to sue Allstate.</u>

Nor does Lusse's status as a judgment creditor grant him an interest in this action. This is true for two independent reasons.

<u>First</u>, as a third-party judgment creditor, Lusse's independent rights against Allstate are limited to pursuing what is known as a "direct action" against Allstate under California Insurance Code section 11580(b)(2). But Lusse's recovery on such

-5-    Case No. 2:25-cv-10554-MWC-PD

a claim is capped at the $15,000 policy limit. *See Murphy*, 17 Cal. 3d at 944 (holding that "section 11580 does not authorize plaintiff to proceed against Allstate for the excess of the judgment over policy limit"); *Reliance Ins. Co. v. Superior Court*, 84 Cal. App. 4th 383, 386 (2000) ("Section 11580 provides that a judgment creditor may proceed directly against any liability insurance covering the defendant, and obtain satisfaction of the judgment up to the amount of the policy limits."). Allstate has already paid Lusse the full $15,000 policy limit. (Dkt. 1, ¶ 27.) Thus, Lusse has no claim against Allstate under section 11580(b)(2).

Second, in any event, Lusse's independent rights as a judgment creditor are not affected by this action as a matter of law. As held by the California Supreme Court, a judgment creditor's independent right to assert an 11580(b)(2) claim is ***not*** altered or impaired by an insurer's action against the insured to which the creditor is not a party. *See Shapiro v. Republic Indem. Co. of Am.*, 52 Cal. 2d 437, 440 (1959) (judgment against an insured did not preclude claimant's direct action under section 11580(b)(2)); *State Farm Mut. Auto. Ins. Co. v. Crane*, 217 Cal. App. 3d 1127, 1134-35 (1990) (judgment against insured not binding on third party if he wished to challenge policy interpretation in subsequent direct action under section 11580(b)(2)); *see also Boulter v. Com. Standard Ins. Co.*, 175 F.2d 763, 768 (9th Cir. 1949) (third party judgment creditors were not bound by declaratory judgment between insurer and insured). In other words, even if Allstate had not yet paid Lusse – it has – once dismissed, Lusse's judgment creditor rights could not be prejudiced by this action as a matter of law.

For either or both of these reasons, Lusse's status as a judgment creditor does not justify his insistence on staying in this case.

## C.     Lusse is not an indispensable party to this action

Nor can Lusse show that he should remain in this case as an "indispensable party." That standard applies when someone contends that an absent party should

be joined in an action. Although that is not the procedural posture of this case, Lusse does not qualify as an "indispensable party."

Determining whether someone qualifies as an indispensable party involves "a practical two-step inquiry." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1042 (9th Cir. 1983). For purposes of this motion, only the first step is relevant: whether Lusse qualifies as a "necessary party."[3] *Id.*; *see also Bakia v. Los Angeles Cnty. Of State of Cal.*, 687 F.2d 299, 301 (9th Cir. 1982) (explaining the "two-step analysis" courts must consider under Rule 19).

Whether someone is a "necessary party" also requires a multi-part inquiry. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). First, "the court must decide if complete relief is possible among those already parties to the suit." *Id.* Second, "the court must determine whether the absent party has a legally protected interest in the suit." *Id.* Importantly, it is improper to "to add parties who are neither necessary nor indispensable, who are not essential for just adjudication and who have a separate cause of action entirely." *Bakia*, 687 F.2d at 301.

### 1. Complete relief can be afforded without Lusse

The "complete relief" factor "is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004) (internal quotation marks omitted). Importantly, this analysis concerns only "those already parties to the suit" and "is independent of the question whether relief is available to the absent party." *Makah Indian Tribe*, 910 F.2d at 558. Thus, "[c]ompleteness is determined on the basis of those persons who are already parties, and not as between a party and the

---

[3] The second step applies once a person is a necessary party but cannot be joined for practical or jurisdictional reasons. *See Northrop Corp.*, 705 F.2d at 1042. Because Lusse is already a party to this action without any such issues, Allstate does not discuss this second step.

absent person whose joinder is sought." *General Refractories Co. v. First State Ins. Co.*, 500 F3d 306, 313 (3rd Cir. 2007) (internal quotes omitted). "To be 'complete,' relief must be meaningful relief as between the parties." *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013) (emphasis in original); *see also Watchtower Bible & Tract Soc. of New York, Inc. v. Municipality of San Juan*, 773 F.3d 1, 13 (1st Cir. 2014) ("Relief is complete when it meaningfully resolves the contested matter as between the affected parties.").

Here, complete relief can be afforded between Allstate and Marquez, without Lusse, on Allstate's declaratory relief claim. That is because, as outlined above, Marquez is the only one who has the right to assert an extra-contractual claim against Allstate. Lusse's judgment creditor rights are limited to recovering the $15,000 policy limit, which Allstate has already paid.

2.    <u>Lusse has no "legally protected interest" in the extra-contractual issues</u>

The question whether an absent party has a legally protected interest "focuses on whether the absent party's participation is necessary to protect its legally cognizable interest or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests." *Disabled Rights Action Committee*, 375 F.3d at 880.

The absent party's "interest must be more than a financial stake and more than speculation about a future event." *Makah Indian Tribe*, 910 F.2d at 558 (citation omitted); *accord Northrop Corp.*, 705 F.2d at 1046 ("Speculation about the occurrence of a future event ordinarily does not render all parties potentially affected by that future event necessary or indispensable parties under Rule 19.").

In a diversity case, state law governs whether a person has an adequate interest in an action. *See, e.g., Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968) (holding that state law "determin[es] what interest the outsider actually has, but the ultimate question whether, given those state-defined interests, a federal court may proceed without the outsider is a federal

matter"); *Jamison v. Memphis Transit Mgmt. Co.*, 381 F.2d 670, 674 (6th Cir. 1967) ("Where, as here, the substantive rights of the parties are founded on State law, it is essential that State law be examined in determining whether a party is 'indispensable,' although the question of the joinder of parties is controlled by the Federal rules."); *Jett v. Zink*, 362 F.2d 723, 726 (5th Cir. 1966) ("In a diversity case, state substantive law will govern in determining the rights and interests of all concerned."); *accord Olden v. Hagerstown Cash Reg., Inc.*, 619 F.2d 271, 273 (3d Cir. 1980) ("Determining the scope of the intervenor's interest will often require an inquiry into state law.").

Here, as explained in *Royal Indemnity*, because a third-party claimant (like Lusse) is a stranger to the insurance contract, the claimant does not have a "direct interest" in a declaratory relief action between a liability insurer and its insured. 162 Cal. App. 4th at 211-212; *see also*, *supra*, Section III.B (discussing additional authorities).

The fact that Lusse has a judgment against Marquez does not change this result because (i) his claim as a judgment creditor is limited to the $15,000 policy limit, (ii) this action does not seek to adjudicate Lusse's rights as a judgment creditor, and (iii) in any event, Allstate has already paid Lusse the full $15,000 limit. *See*, *supra*, Section III.B(2) (discussing case law, including *Murphy*, that holds a judgment creditor's claim is capped at the policy limit).[4]

---

[4] This is consistent with Ninth Circuit precedent that recognizes a person's status as a third-party claimant does not justify intervention because an "allegedly impaired ability to collect judgments arising from past claims does not, on its own, support a right to intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004); *see also So. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (applicants' "contingent, unsecured claim against a third-party debtor" fell "far short of the 'direct, non-contingent, substantial and legally protectable' interest required for intervention as a matter of right." (citations omitted)); *Greene v. United States*, 996 F.2d 973, 976 (9th Cir.1993) ("[T]he movant must demonstrate a 'significantly

In sum, the extra-contractual dispute at issue in Allstate's declaratory relief claim (i) can be completely resolved between Allstate and Marquez (the parties to the insurance contract), and (ii) does not implicate any "legally protected interest" of Lusse, who is merely a judgment creditor and has been paid the full amount he could possibly seek to recover from Allstate. For either of these reasons, Lusse does not qualify as an "indispensable party" who must remain in the case.

**D.  Lusse's cited case law on coverage disputes is inapposite**

During meet-and-confer efforts, the only case law that Lusse provided to support his contention that he has standing to stay in this case was *Canadian Ins. Co. v. Rusty's Island Chip Co.*, 36 Cal. App. 4th 491 (1995). Lusse's reliance on that case is misplaced.

In *Rusty's*, an insurer filed a declaratory relief action "against two third-party claimants who had obtained a liability judgment against the carrier's insured." *Id.* at 493. The purpose of the declaratory relief action was to determine whether the judgment was covered by the insurer's policy. *Id.* at 495-96. In other words, *Rusty's* simply confirmed that a judgment creditor has an interest in establishing that the judgment is covered up to the policy limit – which is exactly what California Insurance Code section 11580 codifies (and what Allstate has never disputed). Moreover, the *Rusty's* court went out of its way to emphasize that the coverage dispute at issue was not the same as an extra-contractual claim for bad faith: "The fact that the insurer's implied duty to attempt in good faith to settle a claim against its insured inures only to the benefit of the insured and cannot be enforced by a third party absent an assignment *has nothing to do with this case*." *Id.* at 497 (emphasis added and citing *Murphy*).

That is why *Rusty's* is wholly inapposite. Here, Allstate is not seeking a declaration that Lusse's judgment against Marquez is not covered under the policy.

protectable interest.' An economic stake in the outcome of the litigation, even if significant, is not enough." (citations omitted)).

To the contrary, Allstate has already acknowledged coverage and paid Lusse the full $15,000 policy limit.  What Allstate actually seeks is a declaration that it has no extra-contractual liability for the excess amount of the judgment against Marquez. That issue is exactly what the court in *Rusty's* noted was not before it.

## IV.    CONCLUSION

Allstate named Lusse as a defendant in its claim for declaratory relief because it was led to believe (incorrectly) that he had an assignment of the rights of Allstate's insured Marquez.  That assignment is the only way Lusse would have a legally recognized interest in the extra-contractual issues to be adjudicated in Allstate's declaratory relief claim.  Once Allstate learned that Lusse does not have an assignment from Marquez, it offered to voluntarily dismiss Lusse, without prejudice.

Lusse, however, refuses to go quietly.  Instead, he insists that he be allowed to remain in this case to litigate the rights of someone else.  But as the ample case law discussed above makes clear, Lusse simply has no right to do so.

Therefore, Allstate respectfully requests that the Court grant this motion and dismiss Lusse, without prejudice, so that this action can proceed between the parties who actually have standing to litigate the claims at issue.

Dated:  March 11, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    _____
PETER H. KLEE
JARED K. LEBEAU
MICHAEL BEAN
Attorneys for plaintiff Allstate Northbrook Indemnity Company

SMRH:4917-6009-4095.4    ALLSTATE'S MOTION TO DISMISS DEFENDANT LUSSE, WITHOUT PREJUDICE