SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PETER H. KLEE, Cal. Bar No. 111707
JARED K. LEBEAU, Cal. Bar No. 292742
MICHAEL BEAN, Cal. Bar. No. 264628
501 West Broadway, 18th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
Facsimile:  619.234.3815
E mail       pklee@sheppard.com
             jlebeau@sheppard.com
             mbean@sheppard.com

SALL SPENCER CALLAS & KRUEGER
Suzanne Burke Spencer, Cal. Bar. No. 188597
32351 Coast Highway
Laguna Beach, CA  92651-6703
Telephone:  949.499.2942
Facsimile:  949.499.7403
E-mail:      sburke@sallspencer.com

Attorneys for plaintiff Allstate Northbrook
Indemnity Company

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE NORTHBROOK INDEMNITY COMPANY;<br><br>          Plaintiff,<br><br>     v.<br><br>DIETRICH WILHELM GEORG LUSSE, an individual; and FRANCISCO JAVIER MARQUEZ, an individual, and HANGER STEINBERG SHAPIRO & ASH, a law corporation;<br><br>          Defendants. | Case No. 2:25-cv-10554-MWC-PD<br><br>**DECLARATION OF PETER H. KLEE IN SUPPORT OF ALLSTATE NORTHBROOK INDEMNITY COMPANY'S MOTION TO DISMISS DEFENDANT DIETERICH WILHELM GEORG LUSSE, WITHOUT PREJUDICE**<br><br>Judge:  Hon. Michelle Williams Court<br>Date:   April 10, 2026<br>Time:   1:30 pm<br>Dept.:  Courtroom 6A |

SMRH:4906-4892-0720.1
DECLARATION OF P. KLEE ISO ALLSTATE'S MOTION TO DISMISS
DEFENDANT LUSSE, WITHOUT PREJUDICE

# DECLARATION OF PETER H. KLEE

1.    I am an attorney and partner at the law firm Sheppard Mullin Richter & Hampton LLP, attorneys of record for plaintiff Allstate Northbrook Indemnity Company.  I have firsthand knowledge of the following facts, except where context shows otherwise.

2.    Before Allstate filed this action, I had a conversation with attorney Dennis Jones, personal counsel for defendant Javier Marquez.  Mr. Jones informed me that Mr. Marquez was negotiating with defendant Dieterich Lusse about a potential assignment of Mr. Marquez's rights against Allstate related to the handling of Mr. Lusse's underlying bodily injury claim.  For that reason, when my office filed this action, we included both Mr. Marquez and Mr. Lusse as defendants to ensure that all holders of any purported claims against Allstate were included in the case.

3.    Recently, I learned that Mr. Lusse may not have an assignment from Mr. Marquez.  Therefore, in February 2026, as part of the Rule 26(f) conference between Allstate and Mr. Lusse, my office explained to Mr. Lusse's counsel, Curtis Crawford of the Parris law firm, that if Mr. Lusse does not have an assignment, he would not be a proper defendant in this case, and that Allstate would be willing to dismiss him from the case, without prejudice, upon confirmation that Mr. Lusse does not have an assignment.  On February 10, 2026, attorney Michael Bean of my office sent an email to Mr. Crawford confirming these points.

4.    On February 11, 2026, my office received an email from Mr. Crawford confirming that Mr. Lusse does not have an assignment of Mr. Marquez's rights.  However, Mr. Crawford refused to stipulate to have Mr. Lusse dismissed and briefly explained his position.  Attached hereto as **Exhibit 1** are true and correct copies of the above-noted emails between my office and Mr. Crawford, which I was copied on.

SMRH:4906-4892-0720.1

DECLARATION OF P. KLEE ISO ALLSTATE'S MOTION TO DISMISS DEFENDANT LUSSE, WITHOUT PREJUDICE

5.  On February 13, 2026, Mr. Bean of my office had a telephonic meet-and-confer with Mr. Crawford about Allstate's intent to file a motion to dismiss Mr. Lusse for the reasons my office previously explained.  Mr. Crawford maintained that Mr. Lusse would not stipulate to being dismissed.  However, he did not provide any other authority supporting Mr. Lusse's position apart from what was included in his February 11 email.  Therefore, Allstate had no choice but to file this motion.

6.  However, in an abundance of caution, before filing this motion, Allstate waited for Mr. Marquez to appear in this action.  After significant efforts, on February 18, 2026, Allstate effectuated service on Mr. Marquez.  (Dkt. 37 [proof of service].)  On March 11, 2026, Mr. Marquez filed an answer to the complaint and asserted a counter-claim against Allstate confirming that he still retains his rights against Allstate related to the handling of Mr. Lusse's underlying bodily injury claim.  (Dkt. 40.)  Therefore, Allstate now proceeds with this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 11, 2026, at San Diego, CA.

_____
Peter H. Klee

# EXHIBIT A

| | |
|---|---|
| **From:** | Curtis J. Crawford <ccrawford@parris.com> |
| **Sent:** | Wednesday, February 11, 2026 10:13 AM |
| **To:** | Michael Bean |
| **Cc:** | Peter Klee; Jared LeBeau; Team Khail; Daniel Eli |
| **Subject:** | RE: Allstate Northbrook Indem. Co. v. Lusse, et al. | Rule 26(f) Meeting | Case No. 2:25-cv-10554 |
| | |
| **Categories:** | Filed to ND |

Michael

I confirmed with Dan, Mr. Lusse has not obtained an assignment of rights from Mr. Marquez.

That said, we disagree with Allstate's position that Mr. Lusse lacks standing and is not a proper party to this action.

Allstate chose to sue Mr. Lusse as a defendant in its declaratory relief action, and thus conferred standing on him.  (*Canadian Ins. Co. v. Rusty's Island Chip Co.* (1995) 36 Cal.App.4th 491, 496 ("Simply put, it is absurd to suggest that Canadian is free to file a coverage lawsuit *against* Rusty's and then, *in that lawsuit,* claim that Rusty's cannot defend itself because it lacks standing to litigate a coverage issue").)

Moreover, as a judgment creditor Mr. Lusse has a sufficient interest in the outcome of the declaratory relief action and thus has standing to oppose Allstate's lawsuit.

Accordingly, Mr. Lusse remains a real party in interest in this case, and we are not willing to stipulate to his dismissal.

Please make sure to include teamkhail@parris.com on all correspondence.



**Curtis J. Crawford**
Attorney
43364 10th Street West, Lancaster, CA 93534
661.949.2595 | ParrisLawyers.com | f 🐦 in 🅴

LANCASTER | L.A. | COSTA MESA

THE INFORMATION CONTAINED IN THIS EMAIL MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED AND/OR CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION DISTRIBUTION, OR COPYING OF THIS EMAIL IS STRICTLY PROHIBITED.

**From:** Michael Bean [mailto:mbean@sheppard.com]
**Sent:** Tuesday, February 10, 2026 5:55 PM
**To:** Curtis J. Crawford <ccrawford@parris.com>
**Cc:** Peter Klee <pklee@sheppard.com>; Jared LeBeau <jlebeau@sheppard.com>
**Subject:** RE: Allstate Northbrook Indem. Co. v. Lusse, et al. | Rule 26(f) Meeting | Case No. 2:25-cv-10554

1

*** WARNING: This email originated outside of PARRIS Law Firm. Do not click links or open attachments unless you recognize the sender and know the content is safe.***

Curtis,

I appreciated the opportunity to speak with you today to complete our Rule 26(f) conference and to confer about Mr. Lusse's proposed severance.

During our call, I inquired if Mr. Lusse had obtained an assignment of rights from Allstate's insured, Mr. Marquez.  You responded that Mr. Lusse had no such assignment, at least to your knowledge.  However, you agreed to confirm this fact after you had spoken with Dan Eli.

I then explained that, to the extent that Mr. Lusse did not have an assignment of rights from Mr. Marquez, he would not be a proper defendant in this case.  This is so because, as a third-party claimant, Mr. Lusse would have no standing to assert any extra-contractual claims against Allstate without such an assignment.  Moreover, because Allstate has already paid Mr. Lusse the policy's $15,000 liability limit, he has no judgment creditor claim under Insurance Code section 11580.  Consequently, I stated that Allstate would be willing to dismiss Mr. Lusse from its lawsuit, without prejudice, upon confirmation that he did not have an assignment from Mr. Marquez.

I also explained that Allstate's proposed dismissal would moot all the reasons you stated for wanting a severance of the malpractice claim – including your concern that the Parris firm would have a conflict of interest in representing Mr. Lusse in both the underlying action and the malpractice claim.

To this end, please confirm the following:

1.   That Mr. Lusse has not obtained an assignment of rights from Mr. Marquez; and

2.   That Mr. Lusse is willing to enter into a stipulation to dismiss him from Allstate's lawsuit, without prejudice.

If you believe this email is inaccurate in any way, please let me know immediately.  Otherwise, once you provide confirmation of points 1 and 2 above, I'll circulate a proposed stipulation to dismiss.

Thank you,


**Michael L. Bean**
Special Counsel



501 West Broadway, 18th Floor
San Diego, CA 92101-3598
Direct +1.619.338.6538 | Office +1.619.338.6500
mbean@sheppard.com | Bio | LinkedIn | sheppard.com

2