UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLSTATE NORTHBROOK INDEMNITY COMPANY;<br><br>Plaintiff,<br><br>v.<br><br>DIETRICH WILHELM GEORG LUSSE, an individual; and FRANCISCO JAVIER MARQUEZ, an individual, and HANGER STEINBERG SHAPIRO & ASH, a law corporation;<br><br>Defendants. | Case No. 2:25-cv-10554-MWC-PD<br><br>**[PROPOSED] ORDER GRANTING ALLSTATE NORTHBROOK INDEMNITY COMPANY'S MOTION TO DISMISS DEFENDANT DIETERICH WILHELM GEORG LUSSE, WITHOUT PREJUDICE, PURSUANT TO F.R.C.P. 41(a)(2)**<br><br>Judge:  Hon. Michelle Williams Court<br>Date:   April 10, 2026<br>Time:   1:30 p.m.<br>Dept.:  6A |

-1-

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Allstate Northbrook Indemnity Company's motion to dismiss defendant Dieterich Wilhelm Georg Lusse, without prejudice, pursuant to F.R.C.P. 41(a)(2), was heard by this Court on April 10, 2026, in Courtroom 6A. Counsel for both parties were present at the hearing as noted in the Court's record.

After reviewing the submitted papers and considering the parties' arguments, **IT IS HEREBY ORDERED THAT**:

Allstate's motion to dismiss defendant Dieterich Wilhelm Georg Lusse, without prejudice, pursuant to F.R.C.P. 41(a)(2), is **GRANTED**.

Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may voluntarily dismiss a defendant by court order. *See Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993) (adopting rule that Rule 41 allows for the dismissal of fewer than all defendants).

A court "should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987) (citing *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982)).

"Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton*, 679 F.2d at 145.

In California, absent an assignment of the insured's rights, a third-party claimant cannot sue a liability insurer for bad faith. *See Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 944 (1976) ("Because, as we have seen, the duty to settle is intended to benefit the insured and not the injured claimant, third party beneficiary doctrine does not furnish a basis for the latter to recover."); *Coleman v. Gulf Ins. Group*, 41 Cal. 3d 782, 795 (1986) (noting "an alleged breach of the covenant does not give rise to a cause of action by *third party claimants*"); *Moradi-Shalal v. Fireman's Fund Insurance Cos.*, 46 Cal. 3d 287, 304-05 (1988) (abolishing third-party bad

faith claims); *Clark v. California Ins. Guarantee Assn.*, 200 Cal. App. 4th 391, 397-98 (2011) ("Unless the third party obtains an assignment by the insured of its rights under the insurance contract, the third party has no right to bring a claim upon a duty owed only to the insured.").

Consistent with that principle, "[a]lthough a liability insurer is allowed to affirmatively join an injured third party as a codefendant in a declaratory relief action" ("DRA") against its insured, "the insurer is not required to do so." *Royal Indemnity Company v. United Enterprises*, 162 Cal. App. 4th 194, 212 (2008). That is because the injured third party, "who is not in privity of contract with the liability insurer," does not have an adequate "direct interest" in a DRA. *Id.* at 211-212; *accord Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1044 (9th Cir. 1983) ("A nonparty to a commercial contract ordinarily is not a necessary party to an adjudication of rights under the contract."); *see also Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 222 (3d Cir. 2005) ("Appellants here have no property interest ... [or] any other legally protectable interest in the policies."); *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) ("Rigaud is not a party to the . . . policy and has no legally protectable interest in that insurance policy.").

Here, defendant Lusse has confirmed that he has no assignment from defendant Marquez. (Klee Decl., ¶¶ 3-4; Ex. 1.) Therefore, as a matter of law, defendant Lusse has no standing to pursue an extra-contractual claim against plaintiff Allstate and will not suffer any plain legal prejudice by being dismissed.

Defendant Lusse's status as a judgment creditor does not grant him an interest in this action. First, any independent rights that defendant Lusse holds under California Insurance Code section 11580(b)(2) are limited to recovery of the $15,000 policy limit. *See Murphy*, 17 Cal. 3d at 944 (holding that "section 11580 does not authorize plaintiff to proceed against Allstate for the excess of the judgment over policy limit"); *Reliance Ins. Co. v. Superior Court*, 84 Cal. App. 4th

383, 386 (2000) ("Section 11580 provides that a judgment creditor may proceed directly against any liability insurance covering the defendant, and obtain satisfaction of the judgment up to the amount of the policy limits."). Plaintiff Allstate has already paid Lusse the full $15,000 policy limit. (Dkt. 1, ¶ 27.)

Second, once dismissed, as a matter of law, defendant Lusse's rights will not be affected by this action. *See Shapiro v. Republic Indem. Co. of Am.*, 52 Cal. 2d 437, 440 (1959) (judgment against an insured did not preclude claimant's direct action under section 11580(b)(2)); *State Farm Mut. Auto. Ins. Co. v. Crane*, 217 Cal. App. 3d 1127, 1134-35 (1990) (judgment against insured not binding on third party if he wished to challenge policy interpretation in subsequent direct action under section 11580(b)(2)); *see also Boulter v. Com. Standard Ins. Co.*, 175 F.2d 763, 768 (9th Cir. 1949) (third party judgment creditors were not bound by declaratory judgment between insurer and insured).

Finally, although it is not the present procedural posture of this case, this Court concludes that defendant Lusse does not qualify as an "indispensable party." Determining whether someone qualifies as an indispensable party involves "a practical two-step inquiry." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1042 (9th Cir. 1983). For purposes of this motion, only the first step is relevant: whether Lusse qualifies as a "necessary party."[1] *Id.*; *see also Bakia v. Los Angeles Cnty. Of State of Cal.*, 687 F.2d 299, 301 (9th Cir. 1982) (explaining the "two-step analysis" courts must consider under Rule 19).

Whether someone is a "necessary party" also requires a multi-part inquiry. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). First, "the court must decide if complete relief is possible among those already parties to the suit." *Id.* Second, "the court must determine whether the absent party has a legally

[1] Plaintiff Allstate concedes that the second step of this inquiry (when a necessary party but cannot be joined for practical or jurisdictional reasons – *see Northrop Corp.*, 705 F.2d at 1042) is not at issue. Thus, this Court does not address that step.

protected interest in the suit." *Id.* It is improper to "to add parties who are neither necessary nor indispensable, who are not essential for just adjudication and who have a separate cause of action entirely." *Bakia*, 687 F.2d at 301.

The "complete relief" factor "is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004) (internal quotation marks omitted). Importantly, this analysis concerns only "those already parties to the suit" and "is independent of the question whether relief is available to the absent party." *Makah Indian Tribe*, 910 F.2d at 558. Thus, "[c]ompleteness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought." *General Refractories Co. v. First State Ins. Co.*, 500 F3d 306, 313 (3rd Cir. 2007) (internal quotes omitted). "To be 'complete,' relief must be meaningful relief as between the parties." *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013) (emphasis in original); *see also Watchtower Bible & Tract Soc. of New York, Inc. v. Municipality of San Juan*, 773 F.3d 1, 13 (1st Cir. 2014) ("Relief is complete when it meaningfully resolves the contested matter as between the affected parties."). Here, complete relief can be afforded without defendant Lusse because, as noted above, he has no right to assert an extra-contractual claim against Allstate, and his judgment creditor rights are not at issue.

Whether an absent party has a legally protected interest "focuses on whether the absent party's participation is necessary to protect its legally cognizable interest or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests." *Disabled Rights Action Committee*, 375 F.3d at 880.

The absent party's "interest must be more than a financial stake and more than speculation about a future event." *Makah Indian Tribe*, 910 F.2d at 558 (citation omitted); *accord Northrop Corp.*, 705 F.2d at 1046 ("Speculation about the

-5-

occurrence of a future event ordinarily does not render all parties potentially affected by that future event necessary or indispensable parties under Rule 19.").

In a diversity case, state law governs whether a person has an adequate interest in an action.  *See*, *e.g.*, *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968) (holding that state law "determin[es] what interest the outsider actually has, but the ultimate question whether, given those state-defined interests, a federal court may proceed without the outsider is a federal matter"); *Jamison v. Memphis Transit Mgmt. Co.*, 381 F.2d 670, 674 (6th Cir. 1967) ("Where, as here, the substantive rights of the parties are founded on State law, it is essential that State law be examined in determining whether a party is 'indispensable,' although the question of the joinder of parties is controlled by the Federal rules."); *Jett v. Zink*, 362 F.2d 723, 726 (5th Cir. 1966) ("In a diversity case, state substantive law will govern in determining the rights and interests of all concerned."); *accord Olden v. Hagerstown Cash Reg., Inc.*, 619 F.2d 271, 273 (3d Cir. 1980) ("Determining the scope of the intervenor's interest will often require an inquiry into state law.").

Here, because defendant Lusse is not a party to the insurance contract, he does not have a direct interest in the outcome of the declaratory relief claim between plaintiff Allstate and its insured (defendant Marquez).  *Royal Indemnity*, 162 Cal. App. 4th at 211-212.  In addition, as noted above, defendant Lusse's rights as a judgment creditor do not grant him an interest in this action, including because he has already been paid the $15,000 policy limit.

For these reasons, defendant Lusse is hereby dismissed from this action, without prejudice.

**IT IS SO ORDERED.**

Dated: _____, 2026

By _____

Hon. Michelle Williams Court
United State District Court Judge